COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


SHERRY WRIGHT

MEMORANDUM OPINION*

v.    Record No. 1513-00-4                      PER CURIAM
                                              DECEMBER 5, 2000

ALEXANDRIA DIVISION OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
John E. Kloch, Judge

(Janell M. Wolfe; Law Office of Janell M.
Wolfe, on brief), for appellant.

(Ignacio B. Pessoa, City Attorney; Jill R.
Applebaum, Assistant City Attorney; Office
of the City Attorney, on brief), for
appellee.


Sherry Wright appeals the decision of the circuit court

terminating her parental rights to her infant son.  She contends

the evidence was insufficient to satisfy the statutory

requirements under the clear and convincing standard of proof.

Upon reviewing the record and briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  Rule 5A:27.

"When addressing matters concerning a child, including the

termination of a parent's residual parental rights, the paramount

consideration of a trial court is the child's best interests."

Logan v. Fairfax County Dep't of Human Development, 13 Va. App.

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

123, 128, 409 S.E.2d 460, 463 (1991). "Code § 16.1-283 embodies 'the statutory scheme for the . . . termination of residual parental rights in this Commonwealth' [which] . . . 'provides detailed procedures designed to protect the rights of the parents and their child,' balancing their interests while seeking to preserve the family." Lecky v. Reed, 20 Va. App. 306, 311, 456 S.E.2d 538, 540 (1995) (citations omitted). "'In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted). The trial judge's findings, "'when based on evidence heard ore tenus, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Id. (citation omitted).

The trial court ruled that DSS presented clear and convincing evidence sufficient to meet the statutory requirements of Code § 16.1-283(B). Under that section, the parental rights of a parent of a child found to be neglected or abused may be terminated if the trial court finds that the neglect suffered by the child "presented a serious and substantial threat to his life, health or development" and that, notwithstanding appropriate rehabilitative efforts made by the agencies, "[i]t is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so

-

as to allow the child's safe return to his parent . . . within a reasonable period of time."  Code § 16.1-283(B)(1) and (2).

It is prima facie evidence of the conditions set out in Code § 16.1-283(B)(2) if there is evidence that:

> a.  The parent or parents are suffering from a mental or emotional illness or mental deficiency of such severity that there is no reasonable expectation that such parent will be able to undertake responsibility for the care needed by the child in accordance with his age and stage of development; . . . or
>
>      *     *     *     *     *     *     *
>
> c.  The parent or parents, without good cause, have not responded to or followed through with appropriate, available and reasonable rehabilitative efforts on the part of social, medical, mental health or other rehabilitative agencies designed to reduce, eliminate or prevent the neglect or abuse of the child.

Code § 16.1-283(B)(2)(a) and (c).

The evidence supports the trial court's finding.  Despite the extensive efforts and services provided to Wright through DSS and other agencies, there was no indication that the conditions resulting in the neglect and abuse "can be substantially corrected or eliminated so as to allow the safe return to his parent . . . within a reasonable period of time."  Specifically, every diagnosis revealed that Wright suffered from chronic paranoid schizophrenia, yet she refused to accept the diagnoses and failed to maintain a long-term relationship with or comply with a course of treatment from one psychiatrist.  She insisted on procuring and

-

taking Xanax and resisted efforts at treating her condition with less risky alternatives. During the one and one-half year period that DSS attempted to assist and help Wright control her chronic mental illness and safely maintain custody of her child, Wright failed to demonstrate the ability or desire to cooperate or comply with the mental health professionals or with DSS workers who needed to monitor her progress.

The trial court also ruled that DSS presented clear and convincing evidence sufficient to meet the statutory requirements of Code § 16.1-283(C). That section provides that a parent's rights to a child placed in foster care may be terminated if the court finds by clear and convincing evidence that it is in the child's best interests and that the parent "without good cause, [has] been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement" despite the agencies' efforts to provide rehabilitative services. Code § 16.1-283(C)(2).

The evidence supports the trial court's finding. Despite the services provided, Wright failed to comply with the terms of a protective order by refusing to cooperate with DSS case workers so they could conduct home visits. Moreover, she failed to cooperate with mental health professionals and comply with a continued plan of treatment in order to control her chronic mental condition.

-

Wright's refusal to allow home visits prevented DSS case workers from monitoring her progress, observing and evaluating the home environment and providing assistance in remedying the conditions that led to the child's foster care placement. In addition, Wright lacks a stable and responsible support system of friends or relatives that could assist her and assure the child's safety.

DSS presented clear and convincing evidence satisfying the statutory requirements of Code § 16.1-283 and proving that it was in the best interests of the child to terminate Wright's parental rights. Accordingly, the decision of the circuit court is affirmed.

Affirmed.